UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| AMERICAN GUARANTEE & LIABILITY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:15-cv-00949-SCJ ) |
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY and LIBERTY SURPLUS INSURANCE CORPORATION, | ) ) ) ) ) ) |
| Defendants. | ) |

**MOTION *IN LIMINE* TO EXCLUDE PURPORTED
EXPERT TESTIMONY OF J. ROBERT PERSONS**

COMES NOW Plaintiff ACE PROPERTY AND CASUALTY INSURANCE COMPANY ("ACE"), by and through its undersigned counsel of record, and pursuant to Fed.R.Evid. 702, hereby moves *in limine* to exclude the purported expert testimony of J. Robert Persons. In support of this Motion, ACE states as follows:

**I.   INTRODUCTION**

This Court has previously excluded J. Robert Persons as an expert witness for Liberty Surplus Insurance Corporation ("Liberty") given his untimely disclosure and prejudice to the other parties if his testimony is allowed. In its

Order, the Court found that Liberty did not comply with the requirements of Rule 26. Liberty's motion for reconsideration remains pending.

For the first time on June 1, 2018, and only in response to the Court's May 31, 2018 Order, Liberty produced Mr. Persons' report. The report clearly demonstrates that the opinions were recently generated and that Mr. Persons relied upon information obtained after the close of discovery. Specifically, Mr. Persons states in his report that he relies upon the parties' briefings and Court's ruling on the summary judgment motions, all of which were filed after discovery closed, including Liberty's time to submit an expert report. Liberty is thus seeking to provide expert testimony from a witness who was not properly disclosed, and who bases his opinion, at least in part, on matters that occurred after discovery closed. Liberty is also seeking to do so without allowing for time for the other parties to depose Mr. Persons or call rebuttal witnesses. If such testimony is allowed, it would be against the requirements and the spirit of Rule 26.

Turning to the substance of Mr. Persons' report, it is clear that his opinions are speculative at best and, therefore, unreliable. Moreover, Mr. Persons' opinions are irrelevant in assisting the Court, the trier of fact, as to whether ACE acted as a reasonable insurer under the totality of the circumstances. Rather, the Court can make this decision through the evidence and argument, and Mr. Persons' status as

an attorney provides nothing but additional retained counsel for Liberty. Absent reliability and relevance, Mr. Persons' purported testimony does not meet the standards allowing an expert to testify. This Court, as the gatekeeper, should stand on its decision to exclude Mr. Persons.

## II. BACKGROUND

Pursuant to the Court's scheduling order [Doc. 83], on July 26, 2017, Liberty designated Attorney J. Robert Persons as an expert witness. [Doc. 85]. Liberty's disclosure generally provided Mr. Persons' expected testimony but did not attach his report. *Id*. Expert depositions were to be completed by August 23, 2017, and supplemental expert reports were to be filed by August 30, 2017. [Doc. 83]. All discovery closed on August 31, 2017. *Id.* Liberty never submitted Mr. Persons' expert report to the other parties, which it now contends was not necessary, because no party noticed his deposition.

On July 27, 2017, Liberty filed a motion seeking summary judgment on American Guarantee & Liability Company's ("AG") counterclaim for negligent failure to settle. Liberty's motion addressed the very issue on which Mr. Persons now opines, namely reasonableness of the insurers, but the motion did not attach Mr. Persons' report or reference his opinions. [Doc. 86].

On October 31, 2017, AG and ACE moved to exclude the expert testimony of Mr. Persons on the grounds that Liberty failed to comply with Federal Rules governing expert disclosure rules, including failure to provide an expert report, thereby prejudicing both AG and ACE. [Doc. Nos. 117 and 120]. Alternatively, the motions argued that the expert's testimony will not assist the trier of fact and invades the province of the Court and, therefore, should be excluded. *Id*.

On March 27, 2018, the Court ruled on the parties' summary judgment motions on ACE's declaratory judgment complaint on priority and AG's counterclaim against ACE and Liberty for negligent failure to settle. [Doc. 146]. The Court ruled that the Liberty/ACE tower was primary to the Axis/AG tower, thereby concluding as a matter of law that ACE took a priority positon to AG. *Id*. The Court concluded that there were genuine disputes over material facts on the issue of whether Liberty and ACE were negligent in their failure to settle and denied summary judgment for the same. *Id*. The Court realigned the parties and set the negligent failure to settle claim for trial on June 25, 2018. [Doc. 144].

On April 30, 2018, the Court granted AG and ACE's motions to exclude Mr. Persons as an expert for Liberty's failure to comply with Fed.R.Civ.P. 26. [Doc. 155]. The Court ruled that Liberty had not timely disclosed Mr. Persons and failed to provide any expert report outlining his exact opinions and bases for the same in

violation of the Federal Rules. *Id*. Given Liberty's disclosure violations, the Court did not reach the argument of excluding Mr. Persons' testimony under Fed.R.Evid. 702.

On May 14, 2018, Liberty moved to reconsider the exclusion of Mr. Persons' testimony on the basis that the Court made mistakes of fact. [Doc. 156]. Liberty argues that it did not have to produce Mr. Persons' report unless he was noticed for a deposition. *Id*. AG and ACE have responded arguing that Liberty has failed to meet its burden that reconsideration is warranted. [Docs. 163 and 165]. While the motion for reconsideration remains pending, the Court ordered Liberty to file Mr. Persons' expert report by June 1, 2018. [Doc. 166]. On June 1, 2018, Liberty filed Mr. Persons' 11-paragraph expert report, making it available to AG and ACE for the first time before the June 25, 2018 bench trial set for this action. [Doc. 167].

### III.  ARGUMENT

A. **Allowing Mr. Persons Would Prejudice the Other Parties**

This Court has already ruled that Mr. Persons should be excluded, which ACE maintains should stand, as previously argued to the Court and adopted herein. [Docs. 117, 120 and 155]. There is no basis for reconsideration. [Docs. 163 and 165]. In sum, Liberty did not produce Mr. Persons' expert report before discovery closed, in response to AG and ACE's challenges to Mr. Persons as an expert, or

5

even when seeking reconsideration of this Court's order excluding Mr. Persons as an expert. [Doc. 156]. Rather, Liberty produced Mr. Persons' report on June 1, 2018 in response to Court order. [Doc. 167].

The report itself makes clear that in rendering his opinions, Mr. Persons relied on the parties' summary judgment briefs and the Court's March 28, 2018 ruling on those motions. As such, it is evident that Mr. Persons developed his opinions well after the time that Liberty was required to identify the expert witnesses it intended to call at trial (July 26, 2017) or by the deadline to supplement expert reports (August 30, 2017). Both of these dates were well before the parties moved for summary judgment and the Court rendered its summary judgment rulings.

There is nothing in the record excusing Liberty's requirement to provide Mr. Persons' report in a timely manner. As this Court has already ruled, allowing Mr. Persons as an expert will prejudice the other parties. Specifically, the Court ruled that:

> Both AG and ACE would be prejudiced in conducting their cases if the Court allows Liberty's expert to testify without re-opening discovery. There is insufficient time prior to trial for opening discovery to allow Liberty to file its report and for AG and ACE to depose Liberty's expert. Such a deposition will likely lead to AG and ACE each claiming the need for a rebuttal witness. Each of those witnesses would then need to provide a report and be deposed and that would open the door for more *Daubert* motions with accompanying

response/reply period.

[Doc. 155]. Liberty has provided nothing to alter this ruling. Nothing here has changed; if anything, the admission of the report and Mr. Persons' expert testimony is even more prejudicial to the other parties now that there is even less time prior to trial for opening discovery to allow AG and ACE to depose Liberty's expert, or to disclose and depose rebuttal experts.

To the extent that the Court does not reconsider its order excluding Mr. Persons, no further inquiry is required. However, even if Liberty is allowed to rely on Mr. Persons, his testimony and opinions contravene Fed.R.Evid. 702 in that they are unreliable and irrelevant. As such, his testimony warrants exclusion.

**B.**     **Mr. Persons' Purported Expert Testimony is Unreliable and Irrelevant**

Federal Rule of Evidence 702 governs the admissibility of expert testimony and provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. Expert testimony allowed by Rule 702 is admissible only if it is reliable and relevant. *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 594-

595, 113 S. Ct. 2786 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 145, 119 S. Ct. 1167 (1999). Trial courts must serve as gatekeepers to ensure the reliability and relevance of such testimony. *Kumho Tire*, 526 U.S. at 145 (gate-keeping function applies not only to scientific knowledge but also to other specialized knowledge).

> The Eleventh Circuit holds that expert testimony is admissible only if:
>
> (1) the expert is qualified to testify competently regarding the matters that he intends to address; (2) the methodology by which the expert reaches his conclusion is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Abreu*, 406 F.3d 1304, 1306 (11th Cir. 2005). The burden of establishing the admissibility of expert evidence lies with the proffering party, in this case Liberty. *Daubert*, 509 U S. at 593; *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004).

### 1. *Mr. Persons' Limited Opinions are Unreliable and Not Based in Fact*

Special knowledge that is only speculation or based upon subjective belief cannot be admitted as reliable expert testimony. *Butler v. First Acceptance Ins. Co.*, 652 F. Supp. 2d 1264, 1271 (N.D. Ga. 2009). Rather, the proposed expert testimony must be supported on "good grounds". *Butler*, 652 F. Supp. 2d at 1271,

*quoting Kumho Tire*, 526 U.S. at 150 (internal citations omitted).  Moreover, the reliability inquiry must be connected the particular facts of the case.  *Id*.

The sole issue for this Court during the upcoming bench trial is whether Liberty and/or ACE were negligent in failing to settle the underlying *Wells* action in the face of an unexpected, runaway verdict.  Notwithstanding the commingled claim, the standard under which issue must be adjudicated is whether each insurer acted reasonably under the totality of the circumstances.  *Cotton States Mut. Ins. Co. v. Brightman*, 276 Ga. 683, 685, 580 S.E.2d 519, 521 (1992) (duty is satisfied by the standard of an ordinarily prudent insurer).  The key question as to any liability attributable to ACE will be whether it "had an opportunity to make an effective compromise." *Id*.

Much of Mr. Persons' report simply reiterates this Court's summary judgment ruling on priority of coverage, an issue which will not be tried and which ACE disputes.  Mr. Persons characterizes "[t]he Court's construction of the priorities of the coverages [as] "consistent with [his] own". (Doc. 167, Para. 4). Similarly, Mr. Persons opines that ACE was the first layer excess insurer and next layer of coverage above Liberty. (Doc. 167, Paras. 4, 11).

Against the backdrop of the Court's legal ruling on priority, Mr. Persons opines that Liberty's failure to meet high/low negotiations pre-trial was not

negligent, because the high was always above its limits. What Mr. Persons omits is the critical fact that ACE could never have entered a high/low agreement pre-trial without control of Liberty's full limits, which Liberty refused to tender. Mr. Persons also opines that ACE had an obligation to meet the insured's January 7, 2015 letter demanding settlement, but, again, conveniently ignores the fact that Liberty did not tender its limits until January 11, 2015, less than 24 hours before trial commenced. As such, ACE had no opportunity to negotiate a settlement between January 7, 2015 and January 11, 2015 within the evaluation of Liberty's retained defense counsel and its own objective assessment of the value of Mr. Wells' claim. Once Liberty tendered its limits on the eve of trial, ACE immediately endeavored to settle the matter. Without opining on any recognized principles or methods or the facts of whether the insurers' conduct was reasonable, Mr. Persons opines that ACE should have met plaintiff's $3 million demand. Such an opinion is speculative and subjective. Mr. Persons provides absolutely no factual basis for this opinion. Indeed, he ignores the evidence supporting ACE and Liberty's reasonable belief that the demand was too high, including, in Mr. Persons' own words, the evaluation of Liberty's "highly regarded defense firm", which valued a possible verdict of only $1.25 million to $1.5 million given the strong defenses on damages. Plaintiff's counsel would not negotiate off the $3

million and instead raised the demand, which did not correspond with defense counsel's continued evaluation.  In sum, as Mr. Persons concedes, "it is plain from the whole history of negotiations that defense counsel, the insurers and even plaintiff's counsel did not foresee the verdict which resulted from the trial or anything close to it."  (Doc. 167, Para. 5).  Mr. Persons' opinion also does not consider the fact that Mr. Wells' attorney valued the case at under $3 million during settlement negotiations before Liberty's tender.

Additionally, an expert may not tell the factfinder what result to reach. *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990). Rather, the law is properly considered and determined by the Court presented through testimony and argued to the factfinder. *United States v. Oliveros*, 275 F.3d 1299, 1306-07 (11th Cir. 2001) (finding that district court did not abuse its discretion in excluding expert testimony of lawyer retained to explain visa and immigration procedures).  Thus, Mr. Persons' attempts to provide a closing argument for Liberty on its version of the case are inadmissible.[1]   Mr. Persons' profession as an attorney does not make his opinions less speculative, subjective or unreliable. Mr. Persons' opinions offer the Court with nothing other than what

---

[1] Mr. Persons attempts to bolster his expertise by linking himself to authority cited in the Court's summary judgment order, *Evanston v. Stonewall*. While Mr. Persons may have been a witness and counsel in that case, he did not serve as an expert. (Doc. 167, Para. 3).

existing counsel can provide the Court through examination, evidence and argument. Thus, Mr. Persons' testimony relating to what he believes that law on priority is or what ACE should have done to settle the underlying action is not reliable under *Daubert* and should be stricken.

### 2. *Mr. Persons' Opinions are Irrelevant and Will Not Assist the Trier of Fact*

"Equally important to the gate-keeping function is a determination of whether the proposed testimony is relevant." *Butler*, 652 F. Supp. 2d at 1271, *citing Daubert*, 509 U.S. at 591. Relevant testimony is that testimony that "logically advances a material aspect" of a party's case. *Allison v. McGhan Medical Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999). In other words, an expert's testimony should help the trier of fact decide the case at bar. *Id.* at 1309. *See also McDowell v. Brown*, 392 F.3d 1283, 1298-99 (11th Cir. 2004); *United States of America v. Reddy*, 2011 U.S. Dist. LEXIS 68978, *42 (N.D. Ga. 2011).

As discussed above, much of Mr. Persons' report essentially is a reiteration of the Court's ruling on summary judgment as to priority, which can only be characterized as legal conclusions. *See, e.g., FCCI Ins. Group v. Rodgers Metalcraft, Inc.*, 2008 U.S. Dist. LEXIS 57649, *9 (M.D. Ga. 2008), *citing Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla*, 402 F.3d 1092, 1112 n.8 (11th Cir. 2005) ("testifying experts may not offer legal conclusions"). Moreover,

any opinions on reasonableness are unreliable and unsubstantiated by the record. Equally important, Mr. Persons' opinions are unnecessary and irrelevant as to the Court's determination of whether ACE acted as a reasonable insurer under the totality of the circumstances, which is an issue for the trier of fact to decide. *Dickerson v. Am. Nat'l Prop. & Cas. Co.*, 2009 U.S. Dist. LEXIS 33145, at *19-20 (M.D. Ga. Apr. 16, 2009).

In *Dickerson*, the insurer argued that the insured could not meet the standards for a negligent failure to settle claim without a retained expert to testify about the "ordinarily prudent insurer" standard and how it applied in the case. *Id*. at *19. The court rejected the argument finding that "a reasonable factfinder could conclude, without an expert, that [the insurer] had knowledge of clear liability and special damages exceeding the policy limits" based upon the evidence in the record alone. *Id*. at *19-20. In such instances, "no expert is necessary to explain the duty or breach given the clear-cut duty enunciated in *Holt* for an insurer to settle clear liability cases where damages exceed policy limits." *Id*. Moreover, "even if the factfinder concludes from the evidence that [the] claim was not a clear liability claim or that there is a question on whether the documented damages exceeded policy limits", the plaintiff's failure to proffer a retained expert is not fatal. *Id*. at *20-21. Rather, the "question in this case boils down to whether a prudent insurer"

13

would have accepted the demand based upon the information it had.  *Id*. at *21.

In sum, the negligent failure to settle inquiry will focus on reasonableness, which can be determined without an expert.  *Dickerson* supports the positon that no expert testimony is necessary for the Court, as factfinder, to resolve the failure to settle claim.  The Court can consider the totality of circumstances to reach a determination on its own, as Mr. Persons' opinions and testimony "offers nothing more than what lawyers for the parties can argue in closing arguments."  *Rodgers*, 2008 U.S. Dist. LEXIS 57649, * 13.

**WHEREFORE**, ACE PROPERTY AND CASUALTY INSURANCE COMPANY ("ACE") respectfully requests this Court enter an order *in limine* excluding the purported expert testimony of J. Robert Persons.

This 5th day of June, 2018.

    /s/ P. Michael Freed
P. MICHAEL FREED
Georgia Bar No.: 061128

P. Michael Freed (No. 061228)
Danny L. Worker (*Admitted Pro Hac Vice*)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street, N.E., Ste. 2900
Atlanta, GA 30309
(404) 348-8585 (Telephone); (404) 467-8845 (Facsimile)
*Counsel for Plaintiff ACE Property
and Casualty Insurance Company*

## **CERTIFICATION OF FONT TYPE AND SIZE**

The undersigned counsel hereby certifies the foregoing pleading has been prepared with Times New Roman 14-Point Font, as approved in LR 5.1C.

So certified, this 5th day of June, 2018.

                                                    /s/ P. Michael Freed
                                                  P. MICHAEL FREED

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| AMERICAN GUARANTEE & LIABILITY COMPANY | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:15-cv-00949-SCJ ) |
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY and LIBERTY SURPLUS INSURANCE CORPORATION, | ) ) ) ) ) ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed a copy of the foregoing Plaintiff **MOTION *IN LIMINE* TO EXCLUDE PURPORTED EXPERT TESTIMONY OF J. ROBERT PERSONS** electronically with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all attorneys of record.

This 5th day of June, 2018.

/s/ P. Michael Freed
P. MICHAEL FREED
Georgia Bar No.: 061128

P. Michael Freed (No. 061228)
Danny L. Worker (*Admitted Pro Hac Vice*)

LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree Street, N.E., Ste. 2900
Atlanta, GA 30309
(404) 348-8585 (Telephone); (404) 467-8845 (Facsimile)
*Counsel for Plaintiff ACE Property*
*and Casualty Insurance Company*